UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application Pursuant to 28 U.S.C. § 1782 of
OKEAN B.V. and LOGISTIC SOLUTION
INTERNATIONAL LIMITED,

Petitioners,

– to take discovery of –

CHADBOURNE & PARKE LLP,

Respondent.

ECF
Case No. 12 MISC 00104

---

### DECLARATION OF SVITLANA M. ROMANOVA PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF APPLICATION FOR ORDER TO CONDUCT DISCOVERY FROM CHADBOURNE & PARKE LLP PURSUANT TO 28 U.S.C. § 1782 FOR USE IN FOREIGN LEGAL PROCEEDINGS

SVITLANA M. ROMANOVA declares as follows:

1. I am a Partner of the Kyiv office of Baker & McKenzie, CIS-Limited and submit this declaration in support of Petitioners' application pursuant to 28 U.S.C. § 1782 for an order directing that Chadbourne & Parke LLP produce certain documents for use in Okean B.V. and Logistic Solution International Limited v. Olympus Investments (2001) B.V., Poizanter Holdings Ltd., Fradomna Investments Ltd., Blakur Company Inc., Judith Hamburger, and Private Joint-Stock Company Smart Holding, District Court of Amsterdam, the Netherlands.

2. I am familiar with the matters addressed in this Declaration based upon my 14 years of practice in Ukrainian law.

3. It is my understanding that certain questions concerning the nature of the attorney-client privilege under Ukrainian law have arisen in connection with Petitioners'

application seeking discovery of Respondent. The purpose of this Declaration is to provide an explanation of the pertinent Ukrainian law on these issues.

4. As an initial matter, Ukraine is a civil law country in which discovery such as that typically found in American litigation is unavailable in Ukrainian courts.

5. Further, the competence of Ukrainian courts to seek information from certain categories of witnesses is limited. Specifically, licensed attorneys who are members of the Ukrainian bar (known as "advocates") are regulated by legal provisions that recognize a broad privilege applicable to the essence of the client assignment, received legal consultations, advice and explanations, as well as other information obtained by the advocates upon conducting their professional activities. See Law of Ukraine, "On the Bar," Article 9 (a copy of the English translation of which is annexed hereto as Exhibit 1). ("Non-advocates" i.e., those attorneys who have attended law school, but are not licensed members of the Ukrainian bar are not subject to the legal provisions set forth in the Law of Ukraine "On the Bar.")

6. To that end, it can be said that the privilege extends to all communications of the advocate engaging in any of the numerous "professional activities" set forth in Article 5 of the Law of Ukraine "On the Bar" (a copy of the English translation of which is annexed hereto as Exhibit 2). For example, communications between an advocate and the counterparty or the counterparty's counsel are considered to be privileged as being made by the advocate while acting upon the client's mandate. In this regard, the regulations governing Ukrainian advocates apply the privilege to communications made by the advocate while acting as a business agent for the client to the extent such activity was included in the client's assignment.

7. And, the one *de facto* exception to the applicability and preservation of the privilege under Ukrainian law and legal practice is where a criminal investigation or proceeding

is instituted with respect to the attorney's professional activities and or the activities of that attorney's client. Although not express, this exception to the privilege arises from general provisions of the Code of Criminal Procedure of Ukraine (Articles 177-179 of the Code regarding search and seizure as investigative actions), conflicting with the Law of Ukraine "On the Bar," which does not directly provide for any exceptions. This conflict of laws is usually settled in favor of the investigative authorities. Only under those circumstances may otherwise privileged documents and information relevant to the activities under criminal investigation be disclosed. As such, Ukrainian law regulating advocates does not recognize the equivalent of the American law's "crime-fraud exception" to the attorney-client privilege.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 4th, 2012

_____
SVITLANA M. ROMANOVA