# SKAKEL DECLARATION
# APPENDIX 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

In re: Application Pursuant to 28 U.S.C. § 1782 of OKEAN B.V. and LOGISTIC SOLUTION INTERNATIONAL LIMITED )
)
*Plaintiff* )
v. ) Civil Action No.
)
) (If the action is pending in another district, state where:
)
*Defendant* ) )

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Chadbourne & Parke LLP
30 Rockefeller Plaza, New York, New York 10112

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place: Dickstein Shapiro LLP<br>1633 Broadway<br>New York, New York 10019 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:

*CLERK OF COURT*
                                            OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
OKEAN B.V. and LOGISTIC SOLUTION INTERNATIONAL LIMITED_____ , who issues or requests this subpoena, are:

Deborah A. Skakel (DS 8599), Dickstein Shapiro LLP, 1633 Broadway, New York, NY 10019, (212) 277-6500
Skakeld@dicksteinshapiro.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

For purposes of these Requests, the following definitions shall apply:

1. "You" and "Your" shall mean Chadbourne & Parke LLP and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

2. "Blakur" shall mean Blakur Company Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

3. "Poizanter" shall mean Poizanter Holdings Limited and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

4. "Fradomna" shall mean Fradomna Investments Limited and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

5. "Olympus" shall mean Olympus Investments (2001) B.V. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

6. "Smart-Holding" shall mean Private Joint-Stock Company Smart-Holding and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

7. "Wadan Yards" shall mean Wadan Yards Okean Open Joint Stock Company and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

8. "Okean" shall mean Okean B.V. and Logistic Solution International Limited and, where applicable, their respective officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

9. "Adamou" shall mean Ekaterini Adamou, the former sole director of Poizanter.

10. "Blik" shall mean Harm Frederick Blik, the former sole director of Olympus.

11. "Hamburger" shall mean Judith Hamburger.

12. "Ivanovych" shall mean Movchan Victor Ivanovych.

13. "Jensen" shall mean Sylvia Janet Jensen, the former sole director of Fradomna.

14. "Konnaris" shall mean Christos Konnaris, a founding partner of Symeou, Konnaris & Co.

15. "Novinsky" shall mean Vadim Novinsky.

16. "Nusinov" shall mean Vladimir Nusinov, Corporate Management and Securities Director of Smart-Holding and the corporate advisor of the Supervisory Board of Waden Yards.

17. "Oleksandrovych" shall mean Buriy Ihor Oleksandrovych.

18. "Peter Meyer Hurlimann" shall mean Peter Meyer Hurlimann, Rechtsanwalte Attorneys at Law, and each of its named partners, Walter Peter, Dr. Philippe Meyer, and Dr. Silvan Hurlimann.

19. "Romanchuk" shall mean Mykola Pavlovych Romanchuk.

20. "Shamray" shall mean Alexsandr Nikolayevich Shamray.

21. "Shaposhnikov" shall mean Igor Shaposhnikov.

22. "Symeou" shall mean Panilos Symeou, a founding partner of Symeou, Konnaris & Co.

23. "Van Os" shall mean Samantha Van Os, the current sole director of Olympus.

24. "Writ" shall mean the writ of summons in the proceeding in the District Court of Amsterdam, the Netherlands, entitled <u>Okean B.V. and Logistic Solution International Limited v. Olympus Investments (2001) B.V., Poizanter Holdings Limited, Fradomna Investments Limited, Blakur Company, Inc., Judith Hamburger and Private Joint-Stock Company Smart-Holding</u>, a certified English translation of which is annexed hereto as Exhibit A.

25. "Communication" or "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

26. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

27. "Concerning," means relating to, referring to, describing, evidencing or constituting.

## INSTRUCTIONS

1. In producing documents pursuant to these requests, You are required to furnish all documents in Your possession, custody, or control that are known or available to You, regardless of whether those documents are currently possessed by You or by any of Your agents, principals, attorneys, investigators, consultants, officers, directors, or employees. You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail records and voicemail records) and of other papers and material in Your possession.

2. If You contend that no documents exist relating to all or part of a request, state this contention and respond as fully as possible to all parts of the request for which any document does exist.

3. Documents are to be produced in a way which identifies the request or requests to which each document applies, or as they are maintained in the usual course of business. Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were clipped or attached to them, and, in addition,

any originals or copies containing handwriting or other notations. A complete and legible copy may be produced in lieu of producing the Document itself.

4. A request for the production of any Document shall be deemed to include a request for all drafts thereof and all revisions, or modifications thereto, as well as all non-identical copies thereof, including any copies with handwriting or other notations.

5. Where a claim of privilege is asserted in objecting to these Requests and a Document is not provided on the basis of such assertion, (1) the attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

    (a)    the type of document, e.g., letter or memorandum;

    (b)    the general subject matter of the document;

    (c)    the date of the document; and

    (d)    such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

6. Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (5) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

7. If any of the Documents cannot be produced in full, they shall be produced to the maximum extent possible and the responding party shall specify the reasons for the inability to produce the remainder.

8. Where an objection is made to any request, the objection shall state with specificity all grounds for such objection. Any ground not stated in a timely objection shall be waived.

9. In the event that any Document covered hereunder has been destroyed, discarded or lost, the responding party shall identify each such Document by stating: (a) the addressor and address; (b) the addresses of any indicated or blind copies; (c) the date, subject matter and number of pages or the Document; (d) a description of any attachments or appendixes to the Document; (e) the identities of all persons to whom the Document was distributed, shown or explained; (f) the date on which the Document was destroyed, discarded or lost, and the manner in which it was destroyed, discarded or lost; (g) the reasons for having the Document destroyed or discarded; and (h) the identities of the person authorizing and/or carrying out such destruction or discarding.

10. When a corporation or a corporate entity is referred to herein, said reference shall be construed to include its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

11. As used herein, "All" and "Each" shall be construed as all and each.

12. As used herein, the connectives "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present, and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

14.   For purposes of this subpoena, the relevant time period for the production of documents is November 1, 2009 through the present.

## DOCUMENTS TO BE PRODUCED

1.   All documents concerning any acts taken by You on behalf of Blakur "in any and all ... banks, notary offices, agencies, enterprises, institutions and organizations in Ukraine," pursuant to the Power of Attorney, dated March 26, 2010, a copy of which is annexed hereto as Exhibit B.  Such documents shall include, but not be limited to, all communications and correspondence concerning any such acts.

2.   All documents concerning any acts taken by You on behalf of Blakur pursuant to the Power of Attorney, dated April 8, 2010 (a copy of which is annexed hereto as Exhibit C), including but not limited to, acts taken in connection with the "Security Agreements" (as defined in such Power of Attorney), including any documents concerning the reasons why the Security Agreements were not entered into by Blakur.  Such documents shall include, but not be limited to, all communications and correspondence concerning any such acts.

3.   All documents concerning any acts taken by You on behalf of Fradomna pursuant to the Power of Attorney by Fradomna Investments Limited, dated May 3, 2010 (a copy of which is annexed hereto as Exhibit D), including but not limited to, entering into "loan agreements ... and any other agreements at agent's discretion," entering into the "mortgage agreement and pledge agreement" with Wadan Yards "on the terms at [Your] discretion," entering into the "Deeds of Assignment and Amendment to Term Loan Facility No. 1, 4 and 5" "on the terms at [Your] discretion," and "prepar[ing], ... submit[ting] to and receiv[ing] from ... any ... organizations or institutions any and all documents and information in connection with and for the purposes of any of the actions" described in such Power of Attorney.  Such documents shall include, but not be limited to, all communications and correspondence concerning any such acts.

4. All documents concerning any acts taken by You on behalf of Poizanter pursuant to the Power of Attorney by Poizanter Holdings Limited, dated May 5, 2010 (a copy of which is annexed hereto as Exhibit E), including but not limited to, entering into "loan agreements . . . and any other agreements at agent's discretion," entering into the "mortgage agreement and pledge agreement" with Wadan Yards "on the terms at [Your] discretion," entering into the "Deeds of Assignment and Amendment to Term Loan Facility No. 1, 4 and 5" "on the terms at [Your] discretion," and "prepar[ing], . . . submit[ting] to and receiv[ing] from . . . any . . . organizations or institutions any and all documents and information in connection with and for the purposes of any of the actions" described in such Power of Attorney. Such documents shall include, but not be limited to, all communications and correspondence concerning any such acts.

5. All documents concerning the negotiation and drafting of, and performance under, the Deed of Assignment & Amendment to Term Loan Facility No. 4 (a copy of which is annexed hereto as Exhibit F) and the Deed of Assignment & Amendment to Term Loan Facility No. 5 (a copy of which is annexed hereto as Exhibit G), both dated March 2, 2010, both by and among Okean B.V., Blakur and Wadan Yards.

6. All documents concerning the negotiation and drafting of, and performance under, the Deed of Assignment & Amendment to Term Loan Facility Agreement No. 4, by and among Blakur, Fradomna and Wadan Yards, dated May 14, 2010, and signed by You on behalf of Fradomna (a copy of which is annexed hereto as Exhibit H).

7. All documents concerning the negotiation and drafting of, and performance under, the Deed of Assignment & Amendment to Term Loan Facility Agreement No. 5, by and among Blakur, Poizanter and Wadan Yards, dated May 14, 2010, and signed by You on behalf of Poizanter (a copy of which is annexed hereto as Exhibit I).

8. All documents concerning the negotiation and drafting of, and performance under, each of the Mortgage Agreement, the Pledge Agreement, and the Rights to Operating Accounts Pledge Agreement, between Wadan Yards and Poizanter, each of which is dated June 10, 2010, and each of which You signed on behalf of Poizanter (a copy of each of which is annexed hereto as Exhibit J, K, and L, respectively).

9. All documents concerning the negotiation and drafting of, and performance under, the Pledge Agreement, between Wadan Yards and Fradomna, dated June 10, 2010, and signed by You on behalf of Fradomna (a copy of which is annexed hereto as Exhibit M).

10. All documents concerning the negotiation and drafting of, and performance under, the Share Sale and Purchase Agreement No. 114B/10, between Okean B.V. and Blakur, dated February 26, 2010 (the "Share Sale and Purchase Agreement"), which You prepared (a copy of which is annexed hereto as Exhibit N).

11. All documents concerning the Petition of Fradomna for recognition as a competitive creditor, dated November 22, 2011, and submitted in the Wadan Yards bankruptcy case, which Petition You signed on behalf of Fradomna (a copy of the English translation of which is annexed hereto as Exhibit O).

12. All documents concerning the Petition of Poizanter for recognition as a competitive creditor, dated November 22, 2011, and submitted in the Wadan Yards bankruptcy case, which Petition You signed on behalf of Poizanter (a copy of the English translation of which is annexed hereto as Exhibit P).

13. All documents concerning the Petition of Olympus for recognition as a competitive creditor, dated November 22, 2001, and submitted in the Wadan Yards bankruptcy

8

case (a copy of the English translation of which is annexed hereto as Exhibit Q), which Petition was signed by Van Os, whose mailing address set forth in the Petition was the same as Yours.

14. All documents concerning Blakur's transfer or other disposition of the shares it acquired under the Share Sale and Purchase Agreement (the "Shares"), including, but not limited to, all agreements, communications, and correspondence related to such transfer or other disposition.

15. All documents concerning the transfer or other disposition of some or all of the Shares by AELITA in or about April 2010, including, but not limited to, all agreements, communications, and correspondence related to such transfer or other disposition to one or more of the following companies: Escalibra Corporation, Trustworthy Service Limited, Feorentino Optima Limited, Megawealth Finance Limited, and Anda Management Limited.

16. All documents concerning the transfer or other disposition of some or all of the Shares to Olympus in or about April 2011, including, but not limited to, all agreements, communications, and correspondence related to such transfer or other disposition.

17. All documents concerning the transfer or other disposition of some or all of the Shares to Smart-Holding, as reported in the article attached as an Exhibit to the Writ (a copy of which is annexed hereto as Exhibit R), including, but not limited to, all agreements, communications, and correspondence related to such transfer or other disposition.

18. All documents concerning the May 11, 2010 meeting of the Wadan Yards board, including the actions of the board Chairman, Shaposhnikov, in tabling a resolution authorizing the Wadan Yards General Manager to approve the transfer of the Loans (as defined in the Writ) of Blakur to Poizanter and Fradomna and in authorizing the grant to Poizanter and Fradomna of certain security rights with respect to the Loans.

19.   All documents concerning the negotiation and drafting of, and performance under, the Power of Attorney, dated April 8, 2010, which You prepared (a copy of which is annexed hereto as Exhibit S), pursuant to which Blakur authorized Shamray to act on its behalf.

20.   All documents concerning the signing of the Deeds of Assignment and Amendment to Term Loan Facility No. 1, No. 4 and No. 5, by and among Okean B.V., Blakur and Wadan Yards, referenced in the letter, dated March 31, 2010, which you prepared (a copy of which is annexed hereto as Exhibit T).

21.   All communications between or among You, Adamou, Blik, Hamburger, Ivanovych, Jensen, Konnaris, Novinsky, Nusinov, Oleksandrovych, Peter Meyer Hurlimann, Romanchuk, Shamray, Shaposhnikov, Symeou, and/or Van Os concerning any of the transactions described in the Writ.