UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application Pursuant to 28 U.S.C. § 1782 of
OKEAN B.V. and LOGISTIC SOLUTION
INTERNATIONAL LIMITED,

                              Petitioners,

        – to take discovery of –

CHADBOURNE & PARKE LLP,

                              Respondent.

Misc. No. 12-00104

---

### OBJECTIONS OF CHADBOURNE & PARKE LLP TO
### SECOND SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Respondent Chadbourne & Parke LLP (the "Respondent") hereby objects, pursuant to

Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), to the second Subpoena

To Produce Documents, Information, Or Objects Or To Permit Inspection of Premises In A Civil

Action (the "Subpoena") issued on behalf of Okean B.V. and Logistic Solution International

Limited (together, the "Petitioners") on June 6, 2012, a true and correct copy of which is

attached hereto (without exhibits), as follows:

### GENERAL OBJECTIONS

Respondent asserts the following General Objections to the Subpoena, each of which

shall be incorporated in its specific responses and objections to each item in the Subpoena:

1.      Respondent objects to the Subpoena in its entirety as improper under 28 U.S.C.

§ 1782, including without limitation because the Subpoena seeks the production of documents

which, to the extent they exist, are located outside of the United States.

2.      Respondent objects to the Subpoena as improper under 28 U.S.C. § 1782 and

outside the scope of the authority granted by this Court's April 6, 2012 Order to the extent that it

seeks the production of documents which are not for use in or relevant to the subject matter of the claims and defenses in the litigation commenced by Petitioners and pending in the District Court of Amsterdam in the Netherlands (the "Dutch Litigation"). For example, although the Dutch Litigation principally purports to seek a judgment avoiding a certain Share Sale and Purchase Agreement dated February 26, 2010 as an alleged fraudulent conveyance, the Subpoena seeks the production of documents concerning a multitude of other transactions, agreements, legal proceedings, events, and persons and entities, which, to the extent such documents exist, would appear to be irrelevant to Petitioners' fraudulent conveyance claim.

3.     Respondent objects to the Subpoena to the extent that it purports to impose obligations in excess of those required or authorized by 28 U.S.C. § 1782, the Federal Rules, the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), and/or any other applicable rule or statute.

4.     Respondent objects to the Subpoena on the grounds that it is unduly burdensome, oppressive, and unreasonably cumulative or duplicative to the extent that it seeks documents or information from Respondent that are already in Petitioners' possession or could be obtained from some other source that is more convenient, less burdensome, or less expensive. For example, the Subpoena seeks documents from Respondent that purportedly concern transactions or agreements to which Respondent was not a party, when such documents, to the extent they exist, could instead be sought from the parties to those transactions or agreements.

5.     Respondent objects to the Subpoena as it fails to comply with Rule 45(c)(1) which provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

6.      Respondent objects to the Subpoena as unduly burdensome and oppressive in that it fails to provide reasonable time for compliance, particularly given that documents responsive to the Subpoena, to the extent they exist, would be located outside the United States and would likely require translation.

7.      Respondent objects to the Subpoena to the extent that responding thereto would require Respondent to incur costs and expenses that should be borne by the party issuing the Subpoena.  Petitioners, as the parties seeking discovery, should bear the cost of locating, translating, and producing any documents responsive to this Subpoena, which would be located outside the United States.

8.      Respondent objects to the Subpoena to the extent that it calls for the production of documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, immunity, or protection.  For example, the Subpoena requests the production of documents that purportedly concern persons or entities to which attorneys employed by Respondent law firm (and practicing outside of the United States) allegedly provided legal services.  To the extent such documents exist, all (or nearly all) of them would be protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

9.      Respondent objects to the Subpoena to the extent that it seeks the production of confidential business information, trade secrets, or financial or personal information relating to Respondent or Respondent's clients.

10.     Respondent objects to the Subpoena to the extent that it is overbroad, vague, ambiguous, confusing, and/or contrary to the plain meaning of the terms involved.

11.     Respondent objects to the Subpoena to the extent that it purports to call for the production of documents not within Respondent's possession, custody, or control.

12.     Respondent objects to the Subpoena for the reasons set forth in the papers filed in support of its pending Motion to Quash Subpoena, to the extent applicable and not expressly set forth herein. *See* Docket Nos. 9-13.

13.     The specific responses set forth below are based on information now available to Respondent.  Respondent reserves the right to supplement, amend, or clarify the objections and responses set forth herein at any time.

14.     Respondent's responses to the Subpoena shall not be deemed to constitute admissions as to any particular fact that any statement or characterization in the Subpoena is accurate or complete, or that any particular document exists, is discoverable, or admissible into evidence.

15.     Any production, inadvertent or otherwise, of any document protected from disclosure by virtue of the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, immunity, or protection shall not be deemed or construed to constitute a waiver of any rights or privileges or other protection and shall not prejudice the right of Respondent to object to any subsequent use of such document.  Respondent reserves the right to demand the return of any such document, and any copies thereof, and the destruction of any materials that contain information derived from any such document.

16.     The General Objections set forth above are incorporated by reference to the extent applicable into the specific responses set forth below and are neither waived nor limited by the specific responses.  Respondent's General Objections shall be continuing as to each item of the Subpoena, and are not waived, or in any way limited, by the specific objections.

## SPECIFIC OBJECTIONS TO DEFINITIONS

**DEFINITION 1:**

"You" and "Your" shall mean Chadbourne & Parke LLP and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 1:**

Respondent objects to Definition 1 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 2:**

"Blakur" shall mean Blakur Company Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 2:**

Respondent objects to Definition 2 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 3:**

"FLC West" shall mean FLC West Holding S.a.r.l. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 3:**

Respondent objects to Definition 3 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 4:**

"Fradomna" shall mean Fradomna Investments Limited and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 4:**

Respondent objects to Definition 4 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 5:**

"Gold-Coast" shall mean Gold-Coast Directors Limited and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 5:**

Respondent objects to Definition 5 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 6:**

"Good Wing" shall mean Good Wing Company Limited and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 6:**

Respondent objects to Definition 6 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 7:**

"Okean" shall mean Okean B.V. and Logistic Solution International Limited and, where applicable, their respective officers, directors, employees, partners, corporate parents, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 7:**

Respondent objects to Definition 7 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 8:**

"Olympus" shall mean Olympus Investments (2001) B.V. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 8:**

Respondent objects to Definition 8 on the grounds that it is vague, overbroad, and unduly burdensome.

**<u>DEFINITION 9</u>:**

"Poizanter" shall mean Poizanter Holdings Limited and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**<u>OBJECTION TO DEFINITION 9</u>:**

Respondent objects to Definition 9 on the grounds that it is vague, overbroad, and unduly

burdensome.

**<u>DEFINITION 10</u>:**

"Salix" shall mean Salix Services AG and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**<u>OBJECTION TO DEFINITION 10</u>:**

Respondent objects to Definition 10 on the grounds that it is vague, overbroad, and

unduly burdensome.

**<u>DEFINITION 11</u>:**

"Smart-Holding" shall mean Private Joint-Stock Company Smart-Holding and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**<u>OBJECTION TO DEFINITION 11</u>:**

Respondent objects to Definition 11 on the grounds that it is vague, overbroad, and

unduly burdensome.

**<u>DEFINITION 12</u>:**

"Templestowe" shall mean Templestowe Trading Corporation and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**<u>OBJECTION TO DEFINITION 12</u>:**

Respondent objects to Definition 12 on the grounds that it is vague, overbroad, and

unduly burdensome.

**<u>DEFINITION 13</u>:**

"Wadan Holding" shall mean Wadan Holding S.a.r.l. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 13:**

Respondent objects to Definition 13 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 14:**

"Wadan Yards" shall mean Wadan Yards Okean Open Joint Stock Company and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 14:**

Respondent objects to Definition 14 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 15:**

"WYGAS" shall mean Wadan Yards Group A.S. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 15:**

Respondent objects to Definition 15 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 16:**

"Yards Invest" shall mean Yards Invest S.A. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

**OBJECTION TO DEFINITION 16:**

Respondent objects to Definition 16 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 27:**

"Peter Meyer Hurlimann" shall mean Peter Meyer Hurlimann, Rechtsanwalte Attorneys at Law, and each of its named partners, Walter Peter, Phillippe Meyer, and Silvan Hurlimann.

**OBJECTION TO DEFINITION 27:**

Respondent objects to Definition 27 on the grounds that it is vague, overbroad, and unduly burdensome.

**DEFINITION 38:**

"Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

**OBJECTION TO DEFINITION 38:**

Respondent objects to Definition 38 to the extent that it is inconsistent with and purports to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or any other applicable rules.

<strong><u>SPECIFIC OBJECTIONS TO INSTRUCTIONS</u></strong>

**INSTRUCTION 1:**

In producing documents pursuant to these requests, You are required to furnish all documents in Your possession, custody, or control that are known or available to You, regardless of whether those documents are currently possessed by You or by any of Your agents, principals, attorneys, investigators, consultants, officers, directors, or employees.  You must make a diligent search of Your records (including, but not limited to, paper records, computerized records, electronic mail records and voicemail records) and of other papers and material in Your possession.

**OBJECTION TO INSTRUCTION 1:**

Respondent objects to Instruction 1 on the grounds that it is vague, overbroad, and unduly burdensome, including, for example, the phrase "all documents . . . known or available to You." Respondent further objects to Instruction 1 to the extent that it is inconsistent with and purports to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or any other applicable rules.

**INSTRUCTION 2:**

If You contend that no documents exist relating to all or part of a request, state this contention and respond as fully as possible to all parts of the request for which any document does exist.

**OBJECTION TO INSTRUCTION 2:**

Respondent objects to Instruction 2 on the ground that it is unduly burdensome.

Respondent further objects to Instruction 2 to the extent that it is inconsistent with and purports

to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or

any other applicable rules.

**INSTRUCTION 3:**

Documents are to be produced in a way which identifies the request or requests to which each document applies, or as they are maintained in the usual course of business. Documents to be produced shall be the original of all Documents in the regular files as maintained, together with any Documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations. A complete and legible copy may be produced in lieu of producing the Document itself.

**OBJECTION TO INSTRUCTION 3:**

Respondent objects to Instruction 3 on the grounds that it is vague, overbroad, and unduly

burdensome. Respondent further objects to Instruction 3 to the extent that it is inconsistent with

and purports to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local

Rules, and/or any other applicable rules.

**INSTRUCTION 5:**

Where a claim of privilege is asserted in objecting to these Requests and a Document is not provided on the basis of such assertion, (1) the attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and (2) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

    (a)    the type of document, _e.g.,_ letter or memorandum;

    (b)    the general subject matter of the document;

(c)     the date of the document; and

(d)     such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

## OBJECTION TO INSTRUCTION 5:

Respondent objects to Instruction 5 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Respondent further objects to Instruction 5 to the extent that it is inconsistent with and purports to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or any other applicable rules.

## INSTRUCTION 6:

Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of such assertion, the information set forth in paragraph (5) above shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court.

## OBJECTION TO INSTRUCTION 6:

Respondent objects to Instruction 6 on the grounds that it is vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Respondent further objects to Instruction 6 to the extent that it is inconsistent with and purports to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or any other applicable rules.

## INSTRUCTION 7:

If any of the Documents cannot be produced in full, they shall be produced to the maximum extent possible and the responding party shall specify the reasons for the inability to produce the remainder.

## OBJECTION TO INSTRUCTION 7:

Respondent objects to Instruction 7 on the grounds that it is vague, overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Respondent further objects to Instruction 7 to the extent that it is inconsistent with and purports

to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or

any other applicable rules.

## INSTRUCTION 8:

Where an objection is made to any request, the objection shall state with specificity all grounds
for such objection.  Any ground not stated in a timely objection shall be waived.

## OBJECTION TO INSTRUCTION 8:

Respondent objects to Instruction 8 on the grounds that it is vague, overbroad, and unduly

burdensome.  Respondent further objects to Instruction 8 to the extent that it is inconsistent with

and purports to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local

Rules, and/or any other applicable rules.

## INSTRUCTION 9:

In the event that any Document covered hereunder has been destroyed, discarded or lost, the
responding party shall identify each such Document by stating:  (a) the addressor and address;
(b) the addresses of any indicated or blind copies; (c) the date, subject matter and number of
pages or the Document; (d) a description of any attachments or appendixes to the Document;
(e) the identities of all persons to whom the Document was distributed, shown or explained;
(f) the date on which the Document was destroyed, discarded or lost, and the manner in which it
was destroyed, discarded or lost; (g) the reasons for having the Document destroyed or
discarded; and (h) the identities of the person authorizing and/or carrying out such destruction or
discarding.

## OBJECTION TO INSTRUCTION 9:

Respondent objects to Instruction 9 on the grounds that it is unduly burdensome and not

reasonably calculated to lead to the discovery of admissible evidence.  Respondent further

objects to Instruction 9 to the extent that it is inconsistent with and purports to impose burdens

not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or any other applicable

rules.

## INSTRUCTION 10:

When a corporation or a corporate entity is referred to herein, said reference shall be construed to include its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

## OBJECTION TO INSTRUCTION 10:

Respondent objects to Instruction 10 on the grounds that it is vague, overbroad, and

unduly burdensome.

## INSTRUCTION 13:

As used herein, the singular shall include the plural, the plural shall include the singular, the past tense shall include the present, and the present tense shall include the past, so as to bring into the scope of definitions and document requests all matters which by any other construction would fall outside their scope.

## OBJECTION TO INSTRUCTION 13:

Respondent objects to Instruction 13 to the extent that it is inconsistent with and purports

to impose burdens not required by 28 U.S.C. § 1782, the Federal Rules, the Local Rules, and/or

any other applicable rules.

## INSTRUCTION 14:

For purposes of this subpoena, the relevant time period for the production of documents is March 1, 2008 through the present.

## OBJECTION TO INSTRUCTION 14:

Respondent objects to Instruction 14 on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS TO REQUESTS
## FOR THE PRODUCTION OF DOCUMENTS

## REQUEST NO. 1:

All retainer or engagement letters or agreements between You and one or more of the following:

Blakur, FLC West, Fradomna, Gold-Coast, Good Wing, Olympus, Poizanter, Salix, Smart-Holding, Templestowe, Wadan Holding, Wadan Yards, WYGAS, Yards Invest; Adamou, Blik, Hamberger [sic], Jensen, Shamray, Shaposhnikov, Van Os, I. Yusufov and V. Yusufov.

## OBJECTION TO REQUEST NO. 1:

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above.  Respondent further objects to Request No. 1 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist:  (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive including, for example, from one or more of the parties named in the Dutch Litigation commenced by Petitioners; (ii) are located outside of the United States; and/or (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity.

## REQUEST NO. 2:

Documents concerning the negotiation and drafting of, and performance under, the Share Purchase Agreement between Aker Yards Holding AS (as Seller) and FLC West (as Buyer) and Aker Yards Ukraine Holding AS, dated March 25, 2008, a copy of which is annexed hereto as Exhibit 1.

## OBJECTION TO REQUEST NO. 2:

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above.  Respondent further objects to Request No. 2 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist:  (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable

privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 3:**

Documents concerning the negotiation and drafting of, and performance under, the Facility Agreement between FLC West (as Borrower) and Templestowe (as Lender), dated July 24, 2008 (the "Facility Agreement"), a copy of which is annexed hereto as Exhibit 2.

**OBJECTION TO REQUEST NO. 3:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above. Respondent further objects to Request No. 3 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist: (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 4:**

Documents concerning the pledge of the FLC West shares in Aker Yards Holding AS (a holding company subsequently known as WYGAS) to Templestowe as security for the loans made under the Facility Agreement, including but not limited to the recordation of the Templestowe security interest in such shares in the Aker Yards Holding AS share register.

**OBJECTION TO REQUEST NO. 4:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above. Respondent further objects to Request No. 4 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the

extent they exist:  (i) could be obtained from some other source that is more convenient, less

burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected

from disclosure by the attorney-client privilege, work product doctrine, or other applicable

privilege or immunity; and/or (iv) are not within the possession, custody, or control of

Respondent.

**REQUEST NO. 5:**

Documents concerning the negotiation and drafting of, and performance under, the Asset
Purchase Agreement between FLC West (as Seller) and Wadan Holding (as Purchaser), dated
March 19, 2009, a copy of which is annexed hereto as Exhibit 3.

**OBJECTION TO REQUEST NO. 5:**

Respondent incorporates by reference its General Objections and Specific Objections to

Definitions and Instructions as set forth above.  Respondent further objects to Request No. 5 on

the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to

the discovery of admissible evidence, and calls for the production of documents that, to the

extent they exist:  (i) could be obtained from some other source that is more convenient, less

burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected

from disclosure by the attorney-client privilege, work product doctrine, or other applicable

privilege or immunity; and/or (iv) are not within the possession, custody, or control of

Respondent.

**REQUEST NO. 6:**

Documents concerning the Extraordinary General Meeting of WYGAS, held on March 25, 2009,
a copy of the minutes of which is annexed hereto as Exhibit 4.

**OBJECTION TO REQUEST NO. 6:**

Respondent incorporates by reference its General Objections and Specific Objections to

Definitions and Instructions as set forth above.  Respondent further objects to Request No. 6 on

the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist:  (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 7:**

Documents concerning the communications and acts of V. Yusufov referenced in the letter from Ole Andreas Uttberg of Advokatfirmaet Hjort DA to the Norwegian Register of Business Enterprises, dated August 24, 2009, a copy of which is annexed hereto as Exhibit 5.

**OBJECTION TO REQUEST NO. 7:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above.  Respondent further objects to Request No. 7 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist:  (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 8:**

Documents concerning the Extraordinary General Meeting of WYGAS ("WYGAS EGM") held on December 4, 2009 (a copy of the English translation of the minutes of which meeting is annexed hereto as Exhibit 6), at which meeting Konstantin O. Konstantinov of Your Moscow office and Shaposhnikov represented Wadan Holding.

**OBJECTION TO REQUEST NO. 8:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above.  Respondent further objects to Request No. 8 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist:  (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 9:**

Documents concerning the "authority from Wadan Holding S.A.R.L. through Dr. Phillippe Meyer of 30 November 2009," pursuant to which Konstantin O. Konstantinov and Shaposhnikov represented Wadan Holding at the December 4, 2009 WYGAS EGM.

**OBJECTION TO REQUEST NO. 9:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above.  Respondent further objects to Request No. 9 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist:  (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 10:**

Documents concerning the agreement between WYGAS, Jens Christian Halling, and Michael vom Baur, dated January 19, 2009, a copy of which is annexed hereto as Exhibit 7, pursuant to which, among other things, Halling and vom Baur agreed to a standstill of their claims against WYGAS in the WYGAS bankruptcy proceeding for a minimum of four weeks.

**OBJECTION TO REQUEST NO. 10:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above. Respondent further objects to Request No. 10 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist: (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 11:**

Documents concerning one or more of the following appointments of Shaposhnikov: as Chairman of the Board of WYGAS on December 4, 2009, to the Board of Directors of Okean on December 4, 2009, and to the Board of Directors of Wadan Yards on February 1, 2010.

**OBJECTION TO REQUEST NO. 11:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above. Respondent further objects to Request No. 11 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist: (i) are already in Petitioners' possession or could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the

United States; (iii) are protected from disclosure by the attorney-client privilege, work product

doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession,

custody, or control of Respondent.

**REQUEST NO. 12:**

Documents concerning the assessments of the court appointed receiver of bankrupt WYGAS that
the transfer to Blakur of the shares in Damen Shipyard Okean OJSC belonging to Okean (a)
occurred after the WYGAS bankruptcy petition was filed, (b) was an illegal transaction that is
voidable and should be revoked, (c) was a violation of Norwegian criminal law, and (d) was the
responsibility of Shaposhnikov, which assessments are set forth in the letter from the WYGAS
bankruptcy receiver Johan Ratvik, dated December 13, 2010, a copy of which is annexed hereto
as Exhibit 8.

**OBJECTION TO REQUEST NO. 12:**

Respondent incorporates by reference its General Objections and Specific Objections to

Definitions and Instructions as set forth above.  Respondent further objects to Request No. 12 on

the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to

the discovery of admissible evidence, and calls for the production of documents that, to the

extent they exist:  (i) are already in Petitioners' possession or could be obtained from some other

source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the

United States; (iii) are protected from disclosure by the attorney-client privilege, work product

doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession,

custody, or control of Respondent.

**REQUEST NO. 13:**

Documents concerning the content of the email exchanges, dated March 17, 2010 -- April 8,
2010, that included, among others, Konstantin Konstantinov and Anna Kelina of Your Moscow
office, a copy of the English translation of which is annexed hereto as Exhibit 9.

**OBJECTION TO REQUEST NO. 13:**

Respondent incorporates by reference its General Objections and Specific Objections to

Definitions and Instructions as set forth above.  Respondent further objects to Request No. 13 on

the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to

the discovery of admissible evidence, and calls for the production of documents that, to the

extent they exist:  (i) could be obtained from some other source that is more convenient, less

burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected

from disclosure by the attorney-client privilege, work product doctrine, or other applicable

privilege or immunity; and/or (iv) are not within the possession, custody, or control of

Respondent.

**REQUEST NO. 14:**

Documents concerning the Procedural Submission to the Oslo Recorder's Office of Arntzen de
Besche Advokatfirma, dated February 26, 2010, and the February 22, 2010 email attached as
Annex 1 thereto, on which email Mr. Konstantinov and Ms. Kelina were copied. (A copy of the
English translation of the Procedural Submission and Annex 1 thereto is annexed hereto as
Exhibit 10.)

**OBJECTION TO REQUEST NO. 14:**

Respondent incorporates by reference its General Objections and Specific Objections to

Definitions and Instructions as set forth above.  Respondent further objects to Request No. 14 on

the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to

the discovery of admissible evidence, and calls for the production of documents that, to the

extent they exist:  (i) could be obtained from some other source that is more convenient, less

burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected

from disclosure by the attorney-client privilege, work product doctrine, or other applicable

privilege or immunity; and/or (iv) are not within the possession, custody, or control of

Respondent.

**REQUEST NO. 15:**

Documents concerning the telephone conversation among Ratvik, Mr. Konstantinov, and Heidi Dillevig of the Thommessen law firm, which occurred on March 22, 2010, and during which the possible purchase of the assets of bankruptcy debtor WYGAS was discussed.

**OBJECTION TO REQUEST NO. 15:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above. Respondent further objects to Request No. 15 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist: (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) are located outside of the United States; (iii) are protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the possession, custody, or control of Respondent.

**REQUEST NO. 16:**

All communications between or among You, Adamou, Blik, Hamburger, Ivanovych, Jensen, Konnaris, Meyer, Novinsky, Nusinov, Oleksandrovych, Peter Meyer Hurlimann, Ratvik, Romanchuk, Salix, Shamray, Shaposhnikov, Symeou, Van Os, I. Yusufov and/or V. Yusufov concerning any of the transactions described in the Writ and/or any of the transactions or meetings referred to in the foregoing Documents Requests.

**OBJECTION TO REQUEST NO. 16:**

Respondent incorporates by reference its General Objections and Specific Objections to Definitions and Instructions as set forth above. Respondent further objects to Request No. 16 on the grounds that it is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of documents that, to the extent they exist: (i) could be obtained from some other source that is more convenient, less burdensome, or less expensive including, for example, from Hamburger and/or one or more of

the other parties named in the Dutch Litigation commenced by Petitioners; (ii) are located

outside of the United States; (iii) are protected from disclosure by the attorney-client privilege,

work product doctrine, or other applicable privilege or immunity; and/or (iv) are not within the

possession, custody, or control of Respondent.

Dated:   New York, New York
         June 14, 2012

                                      CHADBOURNE & PARKE LLP

                                      By _____
                                              Thomas J. Hall
                                             A Member of the Firm
                                      Respondent Pro Se
                                      30 Rockefeller Plaza
                                      New York, NY  10112
                                      Tel.:  (212) 408-5100
                                      Fax:  (212) 541-5369
                                      thall@chadbourne.com


Thomas J. Hall
Robert Kirby
Erin Shinneman

        Of Counsel