UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application Pursuant to 28 U.S.C. § 1782 of OKEAN B.V. and LOGISTIC SOLUTION INTERNATIONAL LIMITED,

                        Petitioners,

     – to take discovery of –

CHADBOURNE & PARKE LLP,

                        Respondent.

Misc. No. 12-00104 (Part 1)

**REPLY DECLARATION OF ANNA V. PUTINTSEVA IN FURTHER SUPPORT OF RESPONDENT'S MOTION TO QUASH SUBPOENA**

---

ANNA V. PUTINTSEVA hereby declares and states pursuant to 28 U.S.C. § 1746:

1. I am an attorney with the law firm of Chadbourne & Parke LLP ("Chadbourne"), the respondent *pro se* in the above-captioned proceeding. I am based in Chadbourne's offices located at 25B Sahaydachnoho Street, Kyiv, Ukraine. I make this declaration, based upon my own personal knowledge and a review of documents in my possession, in further support of Respondent's Motion to Quash Subpoena.

2. As explained in my previous Declaration in Support of Respondent's Motion to Quash Subpoena, dated May 8, 2012 (the "Putintseva Declaration"), we were retained by a British Virgin Islands-based company in 2010 to provide Ukrainian legal advice to it and a group of companies, which included without limitation Okean B.V., Mykolayiv Shipyard Okean, Blakur Company Inc., Poizanter Holdings Ltd., Fradomna Investments Ltd., and Olympus Investments. Among other matters and as set forth in greater detail in the Putintseva Declaration, we were specifically retained to provide Ukrainian legal advice concerning: (i) a Share Sale and Purchase Agreement No. 114 B/10, dated as of February 26, 2010; (ii) the Deed

of Assignment and Amendment to Term Loan Facility Agreement No. 4, dated as of March 2, 2010; and (iii) the Deed of Assignment and Amendment to Term Loan Facility Agreement No. 5, dated as of March 2, 2010.

3. Prior to implementation of the FileSite document management system in Chadbourne's Ukraine office in mid-2011, if I stored any e-mail messages concerning the matters described in ¶ 2 above, I stored them locally in Chadbourne's Ukraine office. After the implementation of FileSite, my general practice when storing e-mail messages concerning the matters described in ¶ 2 above continued to be to store such e-mail messages locally in Chadbourne's Ukraine office. It is my understanding that other attorneys based in Chadbourne's Ukraine office followed the same general practice when storing such e-mail messages.

4. When I created other electronic documents concerning the matters described in ¶ 2 above, I would often store such documents locally in Chadbourne's Ukraine office. It is my understanding that other attorneys based in Chadbourne's Ukraine office also often stored such electronic documents locally in Chadbourne's Ukraine office.

5. It is my understanding that the FileSite document library used by Chadbourne's Ukraine office is the only location other than Chadbourne's Ukraine office where I or any other attorneys based in that office may have stored electronic documents concerning the matters described in ¶ 2 above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6 day of July, 2012.

*A. Putintseva*
Anna V. Putintseva

2