UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application Pursuant to 28 U.S.C. § 1782 of OKEAN B.V. and LOGISTIC SOLUTION INTERNATIONAL LIMITED,

　　　　　　　　　　　　　　　　Petitioners,

– to take discovery of –

CHADBOURNE & PARKE LLP,

　　　　　　　　　　　　　　　　Respondent.

Misc. No. 12-00104 (Part 1)

**REPLY DECLARATION OF CURT CUNNINGHAM IN FURTHER SUPPORT OF RESPONDENT'S MOTION TO QUASH SUBPOENA**

---

　　　　CURT CUNNINGHAM hereby declares and states pursuant to 28 U.S.C. § 1746:

　　　　1.　　I am the Chief Information Officer for the law firm of Chadbourne & Parke LLP ("Chadbourne"), the respondent *pro se* in the above-captioned proceeding. I am based in Chadbourne's offices located at 30 Rockefeller Plaza, New York, New York. I make this declaration, based upon my own personal knowledge and a review of documents in my possession, in further support of Respondent's Motion to Quash Subpoena.

　　　　2.　　Chadbourne has offices in the United States and several other countries, including Russia and Ukraine. In my position as Chief Information Officer I am responsible for overseeing the information management policies of each of Chadbourne's offices.

　　　　3.　　Each Chadbourne office is equipped with a document management system called FileSite and its own FileSite document library where an attorney from that office may manually store e-mail messages or other electronic documents. The contents of each Chadbourne office's respective document library are stored on one of several central servers. For example, in the case of the FileSite document libraries for Chadbourne's Moscow, Russia and Kyiv, Ukraine offices, their contents are stored on servers located in the United Kingdom. If electronic documents in

either of those offices are not manually stored in FileSite, they will not be found in any FileSite document library or on the servers located in the United Kingdom.

4. Prior to their implementation of FileSite in mid-2011, Chadbourne's Russia and Ukraine offices used a document management system called Docs Open. When those offices implemented FileSite, all electronic documents previously stored in Docs Open were migrated to FileSite. As implemented, Docs Open did not allow for storage of e-mail messages. Accordingly, prior to mid-2011, Chadbourne attorneys based in either of those offices stored e-mail messages locally in the Chadbourne office where they worked.

5. In the event that a Chadbourne attorney based in the United States wants to use FileSite to retrieve an electronic document that was stored using FileSite by an attorney based in Chadbourne's Russia or Ukraine offices, there must first be a process of configuration. Specifically, that U.S. attorney's desktop computer would need to be configured to connect to the Russia office's or Ukraine office's FileSite document library, which is stored on servers in the United Kingdom. Even after such configuration is complete, the U.S. attorney could not use FileSite to remotely retrieve electronic documents stored locally in Chadbourne's Russia or Ukraine offices, because such electronic documents are not stored in any FileSite document library.

6. For disaster recovery purposes, an archival backup copy of the contents of the FileSite document libraries for each of Chadbourne's offices is created daily and stored on servers located in the United States. The contents of those backup servers are not accessible in the ordinary course using the FileSite document management system and a recovery process would be required before any electronic documents stored on those servers could be retrieved. Those backup servers do not contain any electronic documents stored locally in Chadbourne's

Russia or Ukraine offices because such electronic documents are not stored in any FileSite document library.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6 day of July, 2012.

_____
Curt Cunningham