```
 UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
In re Application Pursuant to 28 U.S.C. § 1782 of Okean   :
B.V. and Logistic Solution International to Take Discovery :    12 Misc. 104 (PAE)
of Chadbourne & Parke LLP                                 :
                                                          :    OPINION & ORDER
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

      This case involves an application pursuant to 28 U.S.C. § 1782 to take discovery for use in a foreign proceeding, here, a civil lawsuit before the District Court of Amsterdam.  On July 16, 2013, the Court issued an order from the bench addressing the relevance to the application of certain aspects of Russian and Ukrainian law upon which Chadbourne & Parke LLP ("Chadbourne"), the respondent in this case, relied.  *See* Dkt. 62–63.  Petitioners Okean B.V. and Logistic Solution International Limited (collectively, "Okean" or "Petitioners") now move for reconsideration of the Court's holding.  Dkt. 65–68.  For the reasons that follow, Petitioners' motion for reconsideration is denied.

**I.    Legal Standard for Reconsideration**

      The standard governing motions for reconsideration under S.D.N.Y. Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010) ("The threshold for prevailing on a motion for reconsideration is high.").  The purpose of Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"

1

*Naiman v. N.Y. Univ. Hosps. Ctr.*, No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).

Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Accordingly, "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved." *Families for Freedom v. U.S. Customs & Border Prot.*, No. 10 Civ. 2705 (SAS), 2011 WL 4599592, at *2 (S.D.N.Y. Sept. 30, 2011) (citation omitted). On a Local Rule 6.3 motion, "a party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan.18, 2000) (Mukasey, J.) (citation omitted). Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

## II. Application

Familiarity with the Court's July 16, 2013 order and with the background of this case is assumed. Okean argues for reconsideration on four grounds: (1) that the Court overlooked matters raised in the Butler Reply Declaration, Dkt. 60, about the location in which the privileged relationship between Chadbourne and the clients in question here was entered into; (2) that the Court overlooked that, under Russian law, neither Chadbourne nor Konstantinov can

2

claim advokat secrecy with respect to Chadbourne's clients; (3) that the Court overlooked one of Okean's arguments as to why the personal data contained within the subpoenaed documents is beyond the reach of the Ukrainian and Russian Personal Data laws; and (4) that the Court's order neglected to address Okean's blocking statute argument.

    A.    **Location of Privileged Relationship**

The Court did not, as Okean argues, "overlook[] critical matters that were raised in the Butler Reply Declaration concerning the New York situs of Chadbourne." Okean Reconsideration Br. (Dkt. 66) 3. In stating that "neither party disputes that th[e] locations [where the privileged relationships were entered into] were Kiev and Moscow," Tr. 13, the Court was referring to the *physical location* where the relationship was formed. Put simply, the Court was not persuaded by Okean's argument that Chadbourne's status in Russia as a "representation office" means that the Court must adhere to the legal fiction that the relationship was entered into in New York and that New York law must apply to this proceeding. Just as the Court was not persuaded that "Chadbourne's organizational structure, as an international law firm with offices in various lands, effectively exempts it from the personal data laws of the countries in which its offices are located," Tr. 17, it is not persuaded that Chadbourne's structure demands that the Court apply New York law to a relationship physically entered into in Russia—notwithstanding conclusory statements to the contrary in the Butler Reply Declaration.[1]

    B.    **Advokat Secrecy**

The same is true as to the issue of advokat secrecy. The Court did not overlook the Butler Reply Declaration's take on this issue; it was not, however, persuaded by it. As the Court

---

[1] *See Batruk v. Mitsubishi Motors Corp.*, Nos. 94 Civ. 7593 (KMW), 94 Civ. 8677 (KMW), 1998 WL 307383, at *3 (S.D.N.Y. June 10, 1998) ("[F]ederal judges may reject even the uncontradicted conclusions of an expert witness and reach their own decisions on the basis of independent examination of foreign legal authorities." (citation omitted)).

3

stated, it was not convinced that Mr. Konstantinov's failure to specifically "allege that he has a contract for the provision of legal services to the said Client in his capacity as an advokat," Butler Reply Decl. ¶ 12, when considered along with the fact that he is a partner at Chadbourne, renders the advokat law inapplicable to him and strips his clients of confidentiality protections. Petitioners attempt to reargue this issue on their motion for reconsideration, but the Court previously considered—and rejected—this overly formalistic argument.

### C.      Trigger of Foreign Data Protection Laws

The Court also did not fail to consider the argument that "because whatever personal data exists in the subpoenaed documents is in the possession of, belongs to, and can be used by the LLP in New York, that data is beyond the reach of the Ukrainian and Russian Personal Data Laws."  Okean Reconsideration Br. 5.  But the Court does not agree, again, that it is required to assume away the original physical location of any personal data simply based on the organizational structure of Chadbourne, concluding therefore that the foreign data protection laws are never triggered whatsoever.  The Court considered, but rejected, the conclusions of the Butler Reply Declaration to the contrary.

### D.      Blocking Statute Analysis

Okean is correct in its assertion that the Court did not address explicitly Okean's blocking statute argument.  However, the Court's conclusion that the foreign laws in question apply here so as to impose limits on Chadbourne's freedom to produce records, Tr. 10, 18, and its subsequent discussion of how to proceed in light of that conclusion, Tr. 20 *et seq.*, clearly implied that the Court did not find that it should order Chadbourne to produce the subpoenaed documents pursuant to a blocking statute analysis.

The Advokat Secrecy law and the personal data protection laws implicated here are not properly characterized as "blocking statutes." "Blocking statutes are designed to take advantage of the foreign government compulsion defense . . . by prohibiting the disclosure, copying, inspection, or removal of documents located in the territory of the enacting state in compliance with orders of foreign authorities." Restatement (Third) of Foreign Relations Law of the United States § 442 n.4 (1987); *accord S.N.P. Boat Service S.A. v. Hotel Le St. James*, 483 B.R. 776, 780 n.4 (S.D. Fla. 2012); *see also* Okean Br. (Dkt. 53) 12–13. The foreign statutes at issue in this case, in contrast, exist as a result of the considered decision of Russian and Ukrainian legislators to enact strong client confidentiality and personal data privacy protections. They do not exist—and there is no basis to claim that they exist—for the purpose of impeding enforcement of United States laws. Counsel for Okean admitted to being aware of "no case[] addressing either the Ukrainian or Russian Personal Data Laws [or] an attorney confidentiality statute" as blocking statutes. Okean Br. 13. The statutes in question here are a far cry from the types of foreign statutes that have been characterized by courts as blocking statutes, *e.g.*, bank secrecy laws and laws impeding enforcement of U.S. antitrust laws. This Court does not view them as such.

Because the Court holds that the statutes in question are not properly characterized as "blocking statutes," the Court has no occasion to address the factors applied by courts in this Circuit to decide whether, in the case of a blocking statute, a court should nevertheless order production despite the applicable foreign statutes. *See Restatement* § 442(1)(c); *see also In re Air Cargo Shipping Svcs. Antitrust Litig.*, 278 F.R.D. 51, 52–53 (E.D.N.Y. 2010); *Gucci Am., Inc. v. Curveal Fashion*, No. 09 Civ. 8458 (RJS)(THK), 2010 WL 808639, at *2 (S.D.N.Y. Mar.

8, 2010); *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 438–39 (E.D.N.Y. 2008); *Minpeco, S.A. v. Conticommodity Svcs., Inc.*, 116 F.R.D. 517, 522–23 (S.D.N.Y. 1987).

### E.     Costs

The Court declines to order Okean to compensate Chadbourne for its costs and attorneys' fees in responding to this motion, as requested by Chadbourne in its opposition brief. Chadbourne Reconsideration Opp. Br. (Dkt. 67) 11 n.3.  The Court does not fault Okean for endeavoring in good faith to ensure that the Court had considered all of its arguments in support of its motion, and, in particular, in obtaining clarification as to the blocking statute analysis.

### F.     Next Steps

The Court's July 16, 2013 order stands.  Notwithstanding the Court's conclusion that the Russian and Ukrainian laws are applicable to the materials in question, the Court concludes that, in light of Okean's and Blakur's privilege waiver, some limited review by petitioner's counsel of documents relating, *inter alia*, to those entities is warranted.  Such review is likely to assist the Court in determining whether any further document review and production is merited. Chadbourne is therefore directed to make available to Okean's counsel, for review, the 600 documents it has identified as relating to Chadbourne's representation of Okean and/or Blakur. These documents are to be reviewed on an attorneys'-eyes-only basis, and must be available by Friday, September 20, 2013.  By Friday, September 13, 2013, the parties are directed to meet and confer as to the terms of a protective order, per Chadbourne's August 9, 2013 letter (Dkt. 69), and to put in place a protective order consistent with the Court's order of July 16, 2013.

As to the location of review by counsel for Okean of the 600 documents, the Court directs that such review occur in Chadbourne's offices.

6

The Court anticipates that this review should be complete by mid-October. The parties are directed to submit to the Court a joint status letter by October 25, 2013, setting for the parties' respective views as to next steps, if any, in this matter.

SO ORDERED.

*Paul A. Engelmayer* (signature)
Paul A. Engelmayer
United States District Judge

Dated: September 4, 2013
       New York, New York